## Appeal of CHARLES WEISBECKER, INC.

Docket No. 2878. Submitted July 20, 1925. Decided January 8, 1926.

1. Under sections 239 and 320 of the Revenue Act of 1918, a receiver operating the business of a corporation is required to pay the excess profits tax imposed by section 301 of that Act.

2. Upon the evidence submitted, *held*, that the taxpayer is not now entitled to a deduction of $15,000 as rental for each of the years 1919 and 1920, during which time its business was being operated by a receiver.

3. The denial of a deduction for rent during the time taxpayer's business was being operated by a receiver does not entitle it, under the evidence, to have its profits tax computed under the provisions of section 328 of the Revenue Act of 1918.

*Benjamin E. Nessler, Esq.,* for the taxpayer.
*E. C. Lake, Esq.,* for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of deficiencies in income and profits taxes for the calendar years 1919 and 1920 in the amounts of $5,254.76 and $8,446.37, respectively, against which is offset an overassessment of $753.01 for the year 1917.

The deficiencies arise by reason of the determination by the Commissioner that the income of the corporation was subject to profits tax during the years 1919 and 1920, while its business was being operated by a receiver appointed by the United States District Court, and by reason of the refusal of the Commissioner to permit the tax-

payer to deduct, as an ordinary and necessary business expense in each of the years 1919 and 1920, the amount of $15,000 as rental for property used by the receiver in carrying on the business of the corporation.

### FINDINGS OF FACT.

The taxpayer is a New York corporation, with principal offices and place of business at 268 West One hundred and twenty-fifth Street, New York City, engaged in the sale of meats, poultry, provisions, fruits, vegetables, groceries, fish, and dairy products.

Charles Weisbecker, an individual, was, at the time of his death, prior to May 20, 1918, the owner of certain land and buildings at 246–248 West One hundred and twenty-fourth Street, and 267–269 West One hundred and twenty-fourth Street. In his last will and testament he named his wife and two of his sons as executors or trustees of his estate. On May 20, 1918, the executors and trustees under the will entered into a lease with Charles Weisbecker, a corporation, under the terms of which certain land and buildings, designated as 246–248 West One hundred and twenty-fourth Street and 267–269 West One hundred and twenty-fourth Street, were leased to said corporation for a term of 10 years, at an annual rental, payable in equal semiannual payments, equal to the aggregate amount of the total annual taxes, water rents and meter charges then or thereafter levied, assessed, or charged against said premises, and interest upon any mortgage or mortgages then or thereafter outstanding on said premises, and premiums then or thereafter paid for fire insurance upon said premises. Said lease also provided that, in the event of insolvency of the corporation, or, in the event that a petition in bankruptcy should be filed by or against said corporation or an application should be made for a receiver for said corporation, the owner of the premises should have the right to cancel the lease. On January 24, 1919, application was made to the United States District Court for the appointment of a receiver for the corporation, whereupon, the receiver being duly appointed, the executors and trustees of the estate of Charles Weisbecker, owner of the property, proceeded to exercise their option and canceled the lease. During the remainder of the year 1919 and during the year 1920, the business of the taxpayer was carried on by the receiver so appointed; Charles Weisbecker, jr., one of the executors of the estate of Charles Weisbecker, being employed as general manager of the business of the corporation. At the time of the appointment of the receiver, Charles Weisbecker, jr., was president of the corporation, the directors being Mathilda Weisbecker, Charles Weisbecker, jr., Arthur Weisbecker, Walter Weisbecker, and Carl Sieburg, jr., widow, sons, and son-in-law, respectively, of Charles Weisbecker, deceased.

The receiver continued to occupy the premises formerly held by the corporation under lease from the executors of the estate of Charles Weisbecker, no agreement being entered into by him during the term of the receivership with the executors for the payment of any sum for rent of the premises, and no amount being entered upon the books kept by the receiver, which were upon an accrual basis, as rental for such premises. On January 25, 1919, however, and from time to time thereafter, the executors and their counsel discussed with the receiver the matter of payment of rent by him for the use of the premises occupied by the business of the corporation, and on July 19, 1920, counsel for the estate wrote the following letter to the receiver:

Mr. GEORGE F. HINRICHS,
    *Receiver, 268 West 125th Street,*
        *New York City.*

DEAR SIR: On behalf of the Executors and Trustees of the Estate of Charles Weisbecker, deceased, the owners of premises 267–269 West 124th St. and 246–248 West 124th St., this City, now occupied by you as Receiver of the corporation of Charles Weisbecker, we hereby demand the payment by you as such Receiver of a proper compensation for the use and occupation of said premises 267–269 West 124th St., and the top floor, elevator, etc. of 246–248 West 124th St. This the owners consider to be $1,000 a month for the former and $200 a month for the latter.

You are, of course, aware that the leases upon said premises formerly held by the corporation of Charles Weisbecker were wholly terminated and cancelled upon your appointment as Receiver. While it is the hope of the owners of said premises that this matter can be satisfactorily adjusted, we are instructed to say that, failing such adjustment, they will be compelled to take such proceedings to secure their rights as they may be advised.

We would greatly appreciate prompt advices from you as to your attitude on this matter.

In response to the demands of the executors and their counsel, the receiver declined to acknowledge liability for rent and refused to pay any amount as rental for the premises occupied by the corporation at the time of his appointment and used by him in carrying on the business. In the income-tax returns filed by the receiver for each of the years 1919 and 1920, he deducted $30,874.29 and $33,250, respectively, as rent, but deducted no amount as rental for the property belonging to the estate of Charles Weisbecker. The receiver continued to occupy the premises in carrying on the business until his discharge subsequent to January 1, 1921, when the business and property were ordered to be returned to the corporation by the court. During the term of the receivership the executors of the estate of Charles Weisbecker, at least one of whom was a stockholder of the corporation, took no action toward obtaining an order of the court requiring the receiver to pay rent for the premises, although subsequent to the refusal of the receiver to do so they had received

an offer from another business to lease the premises for a term of 21 years at an annual rental of $15,000, plus taxes, expenses, ordinary and extraordinary, assessments, water rents, insurance, maintenance, and all charges accruing out of the occupancy of the premises. The failure of the executors of the estate of Charles Weisbecker to apply to the court for an order fixing the rental and requiring the receiver to pay same was due to the fact that such payment, if ordered, would have postponed termination of the receivership and the return of the business, which was earning large profits, to the corporation. We do not know who the stockholders of the corporation were, except that Mathilda Weisbecker, widow, and one of the executors of the estate of Charles Weisbecker owned 2,500 shares of stock in the corporation. The return filed by the receiver for the calendar year 1919 showed a net income of $26,005.11, upon which he paid an income tax of $2,400.51. The return filed for the calendar year 1920 showed a net income of $52,995.75, upon which he paid an income tax of $5,099.58. The receiver paid no profits tax upon the return for either of the years.

Upon audit of the returns, the Commissioner denied the claim of taxpayer that it should be allowed to deduct the amount of $15,000 in each of the years as rental accrued during those years. He also held that the net income of the receiver operating the business of the corporation was subject to the profits tax and determined an income tax of $2,401.51 and a profits tax of $5,281.31 for the calendar year 1919, and an income tax of $3,248.65 and a profits tax of $10,247.30 for the calendar year 1920.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

LITTLETON: The issues presented by this appeal are: (1) Whether the taxpayer should be allowed to deduct from gross income the amount of $15,000 for each of the years 1919 and 1920, as accrued rental for premises occupied by the receiver carrying on the business of the corporation during those years; (2) whether the income of a receiver operating the business of a corporation is subject to the profits tax imposed by section 301 of the Revenue Act of 1918; and (3) should the Board hold that the income of the business while being operated by the receiver is subject to profits tax and that taxpayer is not entitled to deduct the amounts which it claims were incurred by the receiver as rental, whether an abnormal condition affecting income would result entitling it to have the profits tax computed under section 328 of the Revenue Act of 1918.

At his death, prior to May 20, 1918, Charles Weisbecker was the owner of certain lands and buildings located at 246–248 West One hundred and twenty-fourth Street and 267–269 West One hundred and twenty-fourth Street, New York City. In his last will and testament he appointed h:s wife, Mathilda Weisbecker, and two of his sons, Charles, jr., and Arthur, executors and trustees of his estate. On May 20, 1918, the executors leased to Charles Weisbecker, a corporation, in which the widow owned 2,500 shares of stock, and of which corporation she and her three sons, Charles Weisbecker, jr., Arthur Weisbecker, and Walter Weisbecker, and her son-in-law, Carl Sieburg, were directors, the premises above mentioned.

On January 24, 1919, a receiver for the business and assets of the corporation was applied for and appointed, and, pursuant to the provisions contained therein, the lease held by the corporation was canceled by the executors. The receivership extended over a period from January 24, 1919, through the year 1920, at which time the receiver was discharged and the business and property ordered returned to the corporation by the court. During the period he was in charge of the business of the corporation the receiver declined to acknowledge liability to the estate for rent and refused to pay any amount to the executors for the use of the premises occupied by the corporation at the time of his appointment, which he continued to use in carrying on the business. Other than in conversations with the receiver and by a letter written in July, 1920, in which the receiver was asked to pay $15,000 a year for the premises in question, no action was taken by the executors toward having the court order the payment of rent for the premises. No item for rental of this property was entered upon the books kept by the receiver and no deduction was taken by him in the returns filed for the years here involved. The taxpayer claims that, notwithstanding the refusal of the receiver to acknowledge liability or pay rental for the premises, a deduction of $15,000 for each of the years should be allowed.

Under the provisions of section 234 (a) of the Revenue Act of 1918, only ordinary and necessary expenses paid or incurred during the taxable year in carrying on the business may be deducted from gross income. There is no evidence before us to show the extent to which the premises here in question, which were occupied by the corporation at the time its business was taken over by the receiver, were necessary in carrying on the business by the receiver, or that their use by him was necessary. The evidence before us shows that no amount whatever was paid or incurred by the receiver as rental for this property during either of the years 1919 or 1920; that the executors, who were all directors of the corporation, took no action upon the refusal of the receiver to

pay rent to have the court allow their claim and order the payment of same, and that their failure to apply to the court for an order requiring the receiver to pay rent was due to the fact that such payment would have postponed the termination of the receivership and the return of the property and business to the corporation. It appears, therefore, from such evidence as is before us, that the executors of the estate waived their claim for rental, upon the ground that an early termination of the receivership would sufficiently compensate the owners of the property, who were also officers and directors, at least one of them being a large stockholder of the corporation. Whatever may have been the reason for the denial by the receiver of liability and for his refusal to pay rent for the premises, it has not been shown that any amount was incurred as an ordinary and necessary business expense during either of the years 1919 or 1920.

The second issue relates to the question whether the income of the business of a corporation being operated by a receiver is subject to the profits tax imposed by section 301 of Title III of the Revenue Act of 1918. The receiver in question made an income and profits-tax return on Form 1120 for each of the calendar years 1919 and 1920, showing net income of $26,005.11 and $52,995.75, respectively, and paid the income tax imposed thereon by section 230 of Title II of the Revenue Act of 1918, but paid no profits tax.

Upon audit of the returns, the Commissioner held that income of the business of the corporation while being operated by the receiver was subject to the profits tax imposed by Title III of the Act in the same manner, and to the same extent, as if the business had been operated by the corporation. The taxpayer contends that section 239 of the Revenue Act of 1918 only required the payment by receivers of the income tax imposed by Title II of that Act, and that there is no provision in the Act which requires receivers to pay the profits tax imposed by section 301 of Title III. We are of the opinion that the Commissioner correctly held that the income of the business of a corporation while being operated by a receiver is subject to the profits tax. Section 239 of Title II of the Revenue Act of 1918 provides:

* * * In cases where receivers, trustees in bankruptcy, or assignees are operating the property or business of corporations, such receivers, trustees, or assignees shall make returns for such corporations in the same manner and form as corporations are required to make returns. Any tax due on the basis of such returns made by receivers, trustees, or assignees shall be collected in the same manner as if collected from the corporations of whose business or property they have custody and control.

It is admitted that under section 239 the receiver is liable for the payment of the tax imposed by section 230 of Title II. Section

13 (c) of the Revenue Act of 1916, requiring the payment of tax by receivers, provided:

In cases wherein receivers, trustees in bankruptcy, or assignees are operating the property or business of corporations, joint-stock companies or associations, or insurance companies, subject to tax imposed by this title, such receivers, trustees, or assignees shall make returns of net income as and for such corporations, joint-stock companies or associations, and insurance companies, in the same manner and form as such organizations are hereinbefore required to make returns, and any income tax due on the basis of such returns made by receivers, trustees, or assignees shall be assessed and collected in the same manner as if assessed directly against the organizations of whose businesses or properties they have custody and control.

It will be noted that this section specifically provided that any *income tax* shown upon the returns filed by the receivers should be collected and paid. Section 212 of the Revenue Act of 1917 made the provisions of section 13 (c) applicable to the tax imposed by that Act. When section 239 was written into the Revenue Act of 1918— which Act imposed upon the net income of every corporation an income and profits tax—the word *income* was omitted from the provision requiring the making of returns and the payment of the tax by the receivers upon the income of the businesses of which they have custody and control, so that the section provided that *any* tax due on the basis of such returns made by receivers should be collected in the same manner as if collected from the corporation of whose business or properties they have custody and control. Section 239 does not limit the returns required of receivers to the returns for the purpose of income tax, but clearly requires that they " shall make returns for such corporations in the same manner and form as corporations are required to make returns." The income required to be returned for the purpose of the income tax imposed by Title II is the same income upon which the profits tax is imposed by Title III. Section 320 (a) (3) of the Revenue Act of 1918 provides:

That for the purpose of this title the net income of a corporation shall be ascertained and returned—

\*          \*          \*          \*          \*          \*          \*

For the taxable year upon the same basis and in the same manner as provided for income tax purposes in Title II of this Act.

Section 336 provides:

That every corporation, not exempt under section 304, shall make a return for the purposes of this title. Such returns shall be made, and the taxes imposed by this title shall be paid, at the same times and places, in the same manner, and subject to the same conditions, as is provided in the case of returns and payment of income tax by corporations for the purposes of Title II, and all the provisions of that title not inapplicable, including penalties, are hereby made applicable to the taxes imposed by this title.

It appears from these provisions that, for the purpose of the profits tax, the net income of the corporation shall be returned and the tax paid at the same time, in the same manner, and subject to the same conditions as is provided in the case of returns and payment of the tax imposed by Title II. Section 239 of Title II, requiring receivers to make returns for corporations of whose businesses or properties they have custody and control in the same manner and form as such corporations are required to make returns, and to pay any tax due on the basis of such returns, is made applicable by section 336 to returns for the purposes of Title III and to the payment of the tax imposed thereby. Since it appears, therefore, that receivers are required to make returns for the purpose of both income and profits tax, the profits tax imposed by section 303 would be due on the basis of such return and collectible in the same manner as if collected from the corporation the business and property of which he has custody or control.

We are of the opinion, therefore, that the Commissioner correctly held that the income of the business of the taxpayer while being operated by the receiver was subject to the profits tax, and the amount determined by him is approved.

The last issue relates to the question whether the taxpayer is entitled to have its profits tax computed under the provisions of section 328 of the Revenue Act of 1918, due to the disallowance of its claim for a deduction of $15,000 for each of the years 1919 and 1920. Section 327 (d) of the Revenue Act of 1918 provides for the assessment of the profits tax under the provision of section 328 only where exceptional hardship is worked upon the taxpayer by reason of abnormal conditions affecting the capital or income. We do not know upon what theory the taxpayer claims that the refusal of the receiver to recognize liability for the payment of rent for the premises hereinbefore mentioned as an ordinary and necessary expense in carrying on the business by him creates a condition which warrants the application of special relief provisions of the Act. There is no evidence before us showing the extent to which the property was necessary or was used by the receiver in carrying on the business. The evidence submitted does not, in our opinion, warrant the conclusion that the failure of the receiver to pay rent for the premises here in question resulted in an abnormal condition affecting income which would warrant the determination of its profits tax under the provisions of section 328.

SMITH dissenting.

On reference to the Board, GREEN dissents.